UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:10-cr-53-T-26EAJ

JESSICA MURILLO

## UNITED STATES' MOTION FOR A FORFEITURE MONEY JUDGMENT

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court, under 18 U.S.C. § 982(a)(2) and Federal Rule of Criminal Procedure 32.2(b)(2), to enter a Forfeiture Money Judgment in the amount of $280,574.24, representing the amount of proceeds obtained by the defendant as a result of the wire fraud offense charged in Count One of the Indictment, and which at sentencing, will be a final order of forfeiture as to defendant Jessica Murillo.  In support thereof, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

I.    **Background**

1.    On January 17, 2006, an Indictment was returned charging Jessica Murillo ("Murillo"), with devising a scheme to defraud a financial institution involving wire fraud, in violation of 18 U.S.C. § 1343 put the defendant on notice that, under 18 U.S.C. § 982(a)(2), the United States intended to forfeit any property constituting, or derived from, proceeds the defendant obtained, directly

or indirectly, as a result of such violations, including, but not limited to, a forfeiture money judgment in the amount of $280,574.24, representing the proceeds the defendant obtained as a result of such violations.  *Id.* at 5.

2.      On July 19, 2010, a Jury trial commenced as to Murillo.  The Trial concluded on July 20, 2010, and the Jury entered a verdict of guilty as to Count One.  (Docs. 46, 48, 54).

3.      This Court has scheduled Murillo's sentencing for October 29, 2010.  (Doc. 63).

## II.    Applicable Law

Criminal forfeiture of property for wire fraud offenses, affecting a financial institution, in violation of 18 U.S.C. § 1343, is governed by 18 U.S.C. § 982(a)(2) which provides for the forfeiture of any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violations.  *See* 18 U.S.C. § 982(a)(2).

The United States seeks forfeiture money judgments in those instances where a defendant no longer has the actual dollars or traceable property in his possession, or the government cannot locate the assets.  In these cases, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States.  *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (district court may issue a forfeiture order in the form of a money judgment in mail fraud case); *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (money judgment equal to value of commission and untainted money

2

used to facilitate money laundering); *United States v. Vampire Nation*, 451 F.3d 189, 202-03 (3d Cir. 2006) (court may issue a forfeiture order for the amount of proceeds the defendant obtained from his fraud offense, even if he is unable to satisfy the judgment at the time he is sentenced).

In this case, the United States seeks a forfeiture money judgment against Murillo, representing the amount of proceeds she obtained as a result of the wire fraud offense for which she has been found guilty by a Jury.  Where the government seeks a personal money judgment, the Court must determine how much the defendant will be ordered to pay.  *See* Fed. R. Crim. P. 32.2(b)(1)(A).

During a criminal forfeiture proceeding, the court is not concerned with how much a defendant has but with how much the defendant received in connection with his commission of a crime.  *See United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006).  To this end, the Eleventh Circuit applies the "but for" test to determine a defendant's assets subject to forfeiture.  Under the "but for" test, forfeitable proceeds include any property the defendant would not have obtained or retained but for the illegal activity.  *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344 (11th Cir. 2009) (applying the "but for" test to a health care fraud case and holding that funds defendant received from Medicare and funds defendant received from private insurer were forfeitable proceeds); *United States v. Cekosky*, 171 F. App'x 785, 788 (11th Cir. 2006) (unpublished) (holding that interest defendant earned on legitimate funds was forfeitable because defendant would not have been able to open bank account

3

but for his identity theft offense).

Here, the offense charged in Count One generated proceeds in the amount of $280,574.24—specifically, the mortgage loan paid by the lender, Wells Fargo Home Mortgage, Inc., toward the purchase of a newly constructed $345,000.00 home, located at 15211 Merlinpark Place, Lithia, Florida 33547. Murillo is liable to forfeit the gross proceeds of the loan because she would not have received the value of the loan but for her fraudulent activities.  Additionally, the lender foreclosed on the home and sold the property.  Thus, the United States is seeking a forfeiture money judgment in the value of the mortgage loan, rather than the property traceable to proceeds of the loan (the home).

## III.    Facts Supporting Forfeiture

The jury's finding of guilt as charged in the Indictment provides a sufficient basis for forfeiture; therefore, the United States has established the requisite nexus between the property subject to forfeiture and the defendant's offenses. As stated in the Indictment, Murillo devised a scheme to obtain a mortgage loan for the purchase of the residence located at 15211 Merlinpark Place, Lithia, Florida 33547.  (Doc. 1).  In order to qualify for the mortgage loan, Murillo had to provide proof of sufficient income and employment to repay the loan.  For self-employed borrowers, lenders, including Builder Affiliated Mortgage Services (the original lender, which sold the loan to Wells Fargo), requested, required and accepted copies of IRS Forms 1040 that the borrower has filed with the IRS as proof of

4

income.  (*Id.* at 2).

As part of the scheme to defraud the mortgage lender, Murillo created and caused to be created false tax returns for the years 1999, 2000, and 2001, that materially differed from the Forms 1040 filed with the IRS for those tax years by making it appear that she had substantially higher income from that which was reported on tax returns actually filed with the IRS.  (*Id.* at 3).

Murillo also included and caused to be included materially false and fraudulent information in her mortgage loan package, including, but not limited to, falsely inflating evidence of her income to induce the mortgage loan lender to fund the mortgage loan.  (*Id.* at 4).

As a result of this scheme, on or about June 26, 2002, Murillo caused UBS, a financial institution located in New York to wire transfer $280,574.24 to First American Title Insurance, in Florida, for the purpose of closing the mortgage loan funding the purchase of the home located at 15211 Merlinpark Place, Lithia, Florida 33547.  (*Id.* at 5).

Having been found guilty of Count One as charged in the Indictment, the United States submits that it is entitled for a forfeiture money judgment against defendant Murillo, under 18 U.S.C. § 982(a)(2), in the amount of $280,574.24.

## III.   Conclusion

Pursuant to 18 U.S.C. § 982(a)(2) and Rule 32.2(b)(2), the United States respectfully requests that the Court enter a forfeiture money judgment against

Murillo in the amount of $280,574.24, representing the amount of proceeds she received as a result of the wire fraud scheme for which she was convicted by the Jury.

Pursuant to Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment.  *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Further, because 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), allows the United States to forfeit any property belonging to the defendant in satisfaction of her money judgment, the United States requests that the Court retain jurisdiction to enter any further order necessary for the forfeiture and disposition of such property, and to address any third party claim that may be asserted in these proceedings.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By:     *s/Josephine W. Thomas*
JOSEPHINE W. THOMAS
Assistant United States Attorney
Florida Bar Number 31435
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
(813) 274-6086 - telephone
(813) 274-6220 - facsimile
E-mail: josie.thomas@usdoj.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2010, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will

send a notice of electronic filing to the following:

Thomas N. Palermo
Assistant United States Attorney

Serbo C. Simeone, Esquire
Katherine Earle Yanes, Esquire
James E. Felman, Esquire

s/Josephine W. Thomas
JOSEPHINE W. THOMAS
Assistant United States Attorney